NS:NEM
F. #2020R00098/OCDETF#NY-NYE-882

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

- - - - - - - - - - - - - - - - - - - - - - - - - X

UNITED STATES OF AMERICA

    - against -

MARLON SARACAY-LOPEZ,
    also known as "Plocky,"
JUAN AMAYA-RAMIREZ,
    also known as "Cadaver,"
RAMIRO GUTIERREZ,
    also known as "Cara de Malo,"
VICTOR LOPEZ,
    also known as "Curioso,"
TITO MARTINEZ-ALVARENGA,
    also known as "Imprudente,"
JAIRO MARTINEZ-GARCIA,
    also known as "Colmillo,"
EMERSON MARTINEZ-LARA,
    also known as "Fugitivo,"
DOUGLAS MELGAR-SURIANO,
    also known as "Clemencia,"
VICTOR RAMIREZ,
    also known as "Frijolito," and
ISMAEL SANTOS-NOVOA,
    also known as "Profe"
    and "Travieso,"

        Defendants.

- - - - - - - - - - - - - - - - - - - - - - - - - X

FILED
IN CLERK'S OFFICE
U.S. DISTRICT COURT E.D.N.Y.

★  JUN 25 2020  ★

LONG ISLAND OFFICE

INDICTMENT

Cr. No. CR 20 228

(T. 18, U.S.C., §§ 924(c)(1)(A)(i),
924(c)(1)(A)(ii), 924(c)(1)(A)(iii),
924(d)(1), 924(j)(1), 1959(a)(1),
1959(a)(3), 1959(a)(5), 1962(c), 1963,
1963(a), 1963(m), 2 and 3551 et seq.;
T. 21, U.S.C., §§ 841(a)(1),
841(b)(1)(D), 846, 853(a) and 853(p);
T. 28, U.S.C., § 2461(c))

MAUSKOPF, CH. J.

BULSARA, M.J.

THE GRAND JURY CHARGES:

INTRODUCTION

At all times relevant to this Indictment, unless otherwise indicated:

The Enterprise

1.      La Mara Salvatrucha, also known as the "MS-13" (hereinafter the "MS-13" or the "enterprise"), was a transnational criminal organization comprised primarily of immigrants from Central America, with members located throughout Queens, New York, Long Island, New York, and elsewhere, divided into local chapters, or "cliques."

2.      The MS-13 routinely held meetings to plan criminal activity, and members paid dues into a treasury.  The treasury funds were used to purchase firearms, ammunition and other weapons for use in criminal activity.  Additionally, treasury funds were sent to MS-13 members in Central America.  Members of the MS-13 sometimes signified their membership with the colors of blue and white, and with graffiti and tattoos reading, among other things, "13," "MS" and "MARA SALVATRUCHA," frequently written in gothic lettering.

3.      Members of the MS-13 engaged in acts of violence, including acts involving murder, assault, witness tampering and witness retaliation, as well as other criminal activity, including narcotics trafficking.  Participation in criminal activity by a member, especially violence directed at rival gang members or at MS-13 members or associates believed to have violated the enterprise's rules, increased the respect accorded to the member and could result in promotion to a leadership position.  Members of the MS-13 purchased, maintained and circulated a collection of firearms and other weapons for use in criminal activity.

4.      The MS-13, including its leadership, members and associates, constituted an "enterprise" as defined by Title 18, United States Code, Section 1961(4), that is, a group of individuals associated in fact that was engaged in, and the activities of which affected, interstate and foreign commerce.   The enterprise constituted an ongoing organization whose members functioned as a continuing unit for a common purpose of achieving the objectives of the enterprise.

<u>Purposes of the Enterprise</u>

5.      The purposes of the enterprise included the following:

(a)      Promoting and enhancing the prestige, reputation and position of the enterprise with respect to rival criminal organizations.

(b)      Preserving and protecting the power, territory and criminal ventures of the enterprise through the use of intimidation, threats of violence and acts of violence, including assault and murder.

(c)      Keeping victims and rivals in fear of the enterprise and its members and associates.

(d)      Enriching the members and associates of the enterprise through criminal activity, including narcotics trafficking.

(e)      Ensuring discipline within the enterprise and compliance with the enterprise's rules by members and associates through threats of violence and acts of violence.

4

<u>Means and Methods of the Enterprise</u>

      6.      Among the means and methods by which members of the MS-13 and their associates conducted and participated in the conduct of the affairs of the enterprise were the following:

      (a)      Members of the MS-13 and their associates committed, attempted to commit and threatened to commit acts of violence, including acts involving murder and assault, to enhance the enterprise's prestige and protect and expand the enterprise's criminal operations.

      (b)      Members of the MS-13 and their associates used and threatened to use physical violence against various individuals, including members of rival criminal organizations and against MS-13 members or associates believed to have violated the enterprise's rules.

      (c)      Members of the MS-13 and their associates used, attempted to use and conspired to use narcotics trafficking as means of obtaining money.

<u>The Defendants</u>

      7.      The defendants MARLON SARACAY-LOPEZ, also known as "Plocky," RAMIRO GUTIERREZ, also known as "Cara de Malo," and ISMAEL SANTOS-NOVOA, also known as "Profe" and "Travieso," were members of the MS-13.

      8.      The defendants JUAN AMAYA-RAMIREZ, also known as "Cadaver," VICTOR LOPEZ, also known as "Curioso," TITO MARTINEZ-ALVARENGA, also known as "Imprudente," JAIRO MARTINEZ-GARCIA, also known as "Colmillo," EMERSON MARTINEZ-LARA, also known as "Fugitivo," DOUGLAS MELGAR-SURIANO, also

known as "Clemencia," and VICTOR RAMIREZ, also known as "Frijolito," were associates of the MS-13.

## COUNT ONE
### (Racketeering)

9.      The allegations contained in paragraphs one through eight are realleged and incorporated as if fully set forth in this paragraph.

10.      In or about and between October 2018 and March 2020, both dates being approximate and inclusive, within the Eastern District of New York and elsewhere, the defendants MARLON SARACAY-LOPEZ, also known as "Plocky," RAMIRO GUTIERREZ, also known as "Cara de Malo," EMERSON MARTINEZ-LARA, also known as "Fugitivo," DOUGLAS MELGAR-SURIANO, also known as "Clemencia," and ISMAEL SANTOS-NOVOA, also known as "Profe" and "Travieso," together with others, being persons employed by and associated with the MS-13, an enterprise that engaged in, and the activities of which affected, interstate and foreign commerce, did knowingly and intentionally conduct and participate, directly and indirectly, in the conduct of the affairs of the MS-13 through a pattern of racketeering activity, as that term is defined by Title 18, United States Code, Sections 1961(1) and 1961(5), consisting of the racketeering acts set forth below.

## RACKETEERING ACT ONE
### (Conspiracy to Murder John Doe 1)

11.      In or about and between October 2018 and June 2019, both dates being approximate and inclusive, within the Eastern District of New York and elsewhere, the defendants MARLON SARACAY-LOPEZ and ISMAEL SANTOS-NOVOA, together with others, did knowingly and intentionally conspire to cause the death of another person, to wit:

John Doe 1, an individual whose identity is known to the Grand Jury, in violation of New York Penal Law Sections 125.25(1) and 105.15.

## RACKETEERING ACT TWO
(Conspiracy to Murder Victor Alvarenga and Murder of Victor Alvarenga)

12.    The defendants RAMIRO GUTIERREZ and DOUGLAS MELGAR-SURIANO, together with others, committed the following acts, either one of which alone constitutes Racketeering Act Two:

A.    Conspiracy to Murder

13.    In or about November 2018, within the Eastern District of New York and elsewhere, the defendants RAMIRO GUTIERREZ and DOUGLAS MELGAR-SURIANO, together with others, did knowingly and intentionally conspire to cause the death of another person, to wit: Victor Alvarenga, in violation of New York Penal Law Sections 125.25(1) and 105.15.

B.    Murder of Victor Alvarenga

14.    On or about November 4, 2018, within the Eastern District of New York, the defendants RAMIRO GUTIERREZ and DOUGLAS MELGAR-SURIANO, together with others, with intent to cause the death of another person, did knowingly and intentionally cause the death of such person, to wit: Victor Alvarenga, in violation of New York Penal Law Sections 125.25(1) and 20.00.

## RACKETEERING ACT THREE
(Marijuana Distribution Conspiracy and Marijuana Distribution)

15.    The defendants MARLON SARACAY-LOPEZ, EMERSON MARTINEZ-LARA and ISMAEL SANTOS-NOVOA, together with others, committed the following acts, either one of which alone constitutes Racketeering Act Three:

A.    <u>Marijuana Distribution Conspiracy</u>

16.    In or about and between January 2019 and February 2020, both dates being approximate and inclusive, within the Eastern District of New York and elsewhere, the defendants MARLON SARACAY-LOPEZ, EMERSON MARTINEZ-LARA and ISMAEL SANTOS-NOVOA, together with others, did knowingly and intentionally conspire to distribute and possess with intent to distribute a controlled substance, which offense involved a substance containing marijuana, a Schedule I controlled substance, contrary to Title 21, United States Code, Section 841(a)(1), in violation of Title 21, United States Code, Section 846.

B.    <u>Marijuana Distribution</u>

17.    In or about and between January 2019 and February 2020, both dates being approximate and inclusive, within the Eastern District of New York and elsewhere, the defendants MARLON SARACAY-LOPEZ, EMERSON MARTINEZ-LARA and ISMAEL SANTOS-NOVOA, together with others, did knowingly and intentionally distribute and possess with intent to distribute a controlled substance, which offense involved a substance containing marijuana, a Schedule I controlled substance, in violation of Title 21, United States Code, Section 841(a)(1) and Title 18, United States Code, Section 2.

<u>RACKETEERING ACT FOUR</u><br>(Conspiracy to Murder Abel Mosso and Murder of Abel Mosso)

18.    The defendant RAMIRO GUTIERREZ, together with others, committed the following acts, either one of which alone constitutes Racketeering Act Four:

A.    <u>Conspiracy to Murder</u>

19.    In or about and between January 2019 and February 2019, both dates being approximate and inclusive, within the Eastern District of New York, the defendant RAMIRO GUTIERREZ, together with others, did knowingly and intentionally conspire to cause the death of another person, to wit: Abel Mosso, in violation of New York Penal Law Sections 125.25(1) and 105.15.

<u>Murder of Abel Mosso</u>

20.    On or about February 3, 2019, within the Eastern District of New York, the defendant RAMIRO GUTIERREZ, together with others, with intent to cause the death of another person, did knowingly and intentionally cause the death of such person, to wit: Abel Mosso, in violation of New York Penal Law Sections 125.25(1) and 20.00.

<u>RACKETEERING ACT FIVE</u>
(Conspiracy to Murder John Doe 2)

21.    In or about March 2019, within the Eastern District of New York and elsewhere, the defendants EMERSON MARTINEZ-LARA and DOUGLAS MELGAR-SURIANO, together with others, did knowingly and intentionally conspire to cause the death of another person, to wit: John Doe 2, an individual whose identity is known to the Grand Jury, in violation of New York Penal Law Sections 125.25(1) and 105.15.

<u>RACKETEERING ACT SIX</u>
(Conspiracy to Murder John Doe 3)

22.    In or about and between May 2019 and July 2019, both dates being approximate and inclusive, within the Eastern District of New York and elsewhere, the defendants MARLON SARACAY-LOPEZ, EMERSON MARTINEZ-LARA and ISMAEL SANTOS-NOVOA, together with others, did knowingly and intentionally conspire to cause

the death of another person, to wit: John Doe 3, an individual whose identity is known to the Grand Jury, in violation of New York Penal Law Sections 125.25(1) and 105.15.

RACKETEERING ACT SEVEN

(Conspiracy to Murder 18th Street Gang Members and Attempted Murder of John Doe 4)

23.    The defendants MARLON SARACAY-LOPEZ and ISMAEL SANTOS-NOVOA, together with others, committed the following acts, either one of which alone constitutes Racketeering Act Seven:

A.    <u>Conspiracy to Murder</u>

24.    In or about August 2019, within the Eastern District of New York and elsewhere, the defendants MARLON SARACAY-LOPEZ and ISMAEL SANTOS-NOVOA, together with others, did knowingly and intentionally conspire to cause the death of one or more persons, to wit: members of the 18th Street gang in Queens, New York, in violation of New York Penal Law Sections 125.25(1) and 105.15.

B.    <u>Attempted Murder of John Doe 4</u>

25.    On or about August 25, 2019, within the Eastern District of New York and elsewhere, the defendants MARLON SARACAY-LOPEZ and ISMAEL SANTOS-NOVOA, together with others, did knowingly and intentionally attempt to cause the death of another person, to wit: John Doe 4, an individual whose identity is known to the Grand Jury, in violation of New York Penal Law Sections 125.25(1), 110.00 and 20.00.

(Title 18, United States Code, Sections 1962(c), 1963 and 3551 <u>et seq</u>.)

COUNT TWO

(Possessing, Brandishing and Discharging a Firearm During a Crime of Violence)

26.    In or about and between October 2018 and March 2020, both dates being approximate and inclusive, within the Eastern District of New York and elsewhere, the

defendants MARLON SARACAY-LOPEZ, also known as "Plocky," RAMIRO

GUTIERREZ, also known as "Cara de Malo," EMERSON MARTINEZ-LARA, also known

as "Fugitivo," DOUGLAS MELGAR-SURIANO, also known as "Clemencia," and ISMAEL

SANTOS-NOVOA, also known as "Profe" and "Travieso," together with others, did

knowingly and intentionally use and carry one or more firearms during and in relation to a

crime of violence, to wit: the crime charged in Count One, and did knowingly and

intentionally possess such firearms in furtherance of said crime of violence, one or more of

which firearms was brandished and discharged.

(Title 18, United States Code, Sections 924(c)(1)(A)(i), 924(c)(1)(A)(ii),

924(c)(1)(A)(iii), 2 and 3551 et seq.)

COUNT THREE
(Conspiracy to Murder In-Aid-Of Racketeering – Rival Gang Member)

27.    At all times relevant to this Indictment, the MS-13, as more fully

described in paragraphs one through eight, which are realleged and incorporated as if fully

set forth in this paragraph, including its leadership and membership, constituted an

"enterprise" as defined in Title 18, United States Code, Section 1959(b)(2), that is, a group of

individuals associated in fact that was engaged in, and the activities of which affected,

interstate and foreign commerce.   The enterprise constituted an ongoing organization whose

members functioned as a continuing unit for a common purpose of achieving the objectives

of the enterprise.

28.    At all times relevant to this Indictment, the MS-13, through its

members and associates, engaged in racketeering activity, as defined in Title 18, United

States Code, Sections 1959(b)(1) and 1961(1), that is, acts involving murder chargeable

under the New York Penal Law and punishable by imprisonment for more than one year, and offenses involving felonious buying, selling and dealing in controlled substances punishable under Title 21, United States Code, Sections 841 and 846.

29.    In or about April 2018, within the Eastern District of New York and elsewhere, the defendant JUAN AMAYA-RAMIREZ, also known as "Cadaver," together with others, for the purpose of gaining entrance to, and maintaining and increasing position in, the MS-13, an enterprise engaged in racketeering activity, did knowingly and intentionally conspire to murder a member of a rival gang in Queens, New York, in violation of New York Penal Law Sections 125.25(1) and 105.15.

(Title 18, United States Code, Sections 1959(a)(5) and 3551 et seq.)

COUNT FOUR
(Murder In-Aid-Of Racketeering – Andy Peralta)

30.    The allegations contained in paragraphs one through eight, 27 and 28 are realleged and incorporated as if fully set forth in this paragraph.

31.    On or about April 23, 2018, within the Eastern District of New York, the defendant JUAN AMAYA-RAMIREZ, also known as "Cadaver," together with others, for the purpose of gaining entrance to, and maintaining and increasing position in, the MS-13, an enterprise engaged in racketeering activity, did knowingly and intentionally murder Andy Peralta, in violation of New York Penal Law Sections 125.25(1) and 20.00.

(Title 18, United States Code, Sections 1959(a)(1), 2 and 3551 et seq.)

COUNT FIVE
(Conspiracy to Murder In-Aid-Of Racketeering – John Doe 1)

32.    The allegations contained in paragraphs one through eight, 27 and 28 are realleged and incorporated as if fully set forth in this paragraph.

33.      In or about and between October 2018 and June 2019, both dates being approximate and inclusive, within the Eastern District of New York and elsewhere, the defendants MARLON SARACAY-LOPEZ, also known as "Plocky," and ISMAEL SANTOS-NOVOA, also known as "Profe" and "Travieso," together with others, for the purpose of gaining entrance to, and maintaining and increasing position in, the MS-13, an enterprise engaged in racketeering activity, did knowingly and intentionally conspire to murder John Doe 1, in violation of New York Penal Law Sections 125.25(1) and 105.15.

(Title 18, United States Code, Sections 1959(a)(5) and 3551 et seq.)

## COUNT SIX
(Conspiracy to Murder In-Aid-Of Racketeering – Victor Alvarenga)

34.      The allegations contained in paragraphs one through eight, 27 and 28 are realleged and incorporated as if fully set forth in this paragraph.

35.      In or about November 2018, within the Eastern District of New York and elsewhere, the defendants RAMIRO GUTIERREZ, also known as "Cara de Malo," JAIRO MARTINEZ-GARCIA, also known as "Colmillo," and DOUGLAS MELGAR-SURIANO, also known as "Clemencia," together with others, for the purpose of gaining entrance to, and maintaining and increasing position in, the MS-13, an enterprise engaged in racketeering activity, did knowingly and intentionally conspire to murder Victor Alvarenga, in violation of New York Penal Law Sections 125.25(1) and 105.15.

(Title 18, United States Code, Sections 1959(a)(5) and 3551 et seq.)

## COUNT SEVEN
(Murder In-Aid-Of Racketeering – Victor Alvarenga)

36.      The allegations contained in paragraphs one through eight, 27 and 28 are realleged and incorporated as if fully set forth in this paragraph.

37.     On or about November 4, 2018, within the Eastern District of New York, the defendants RAMIRO GUTIERREZ, also known as "Cara de Malo," JAIRO MARTINEZ-GARCIA, also known as "Colmillo," and DOUGLAS MELGAR-SURIANO, also known as "Clemencia," together with others, for the purpose of gaining entrance to, and maintaining and increasing position in, the MS-13, an enterprise engaged in racketeering activity, did knowingly and intentionally murder Victor Alvarenga, in violation of New York Penal Law Sections 125.25(1) and 20.00.

(Title 18, United States Code, Sections 1959(a)(1), 2 and 3551 et seq.)

## COUNT EIGHT
(Possessing, Brandishing and Discharging a Firearm During a Crime of Violence)

38.     On or about November 4, 2018, within the Eastern District of New York, the defendants RAMIRO GUTIERREZ, also known as "Cara de Malo," JAIRO MARTINEZ-GARCIA, also known as "Colmillo," and DOUGLAS MELGAR-SURIANO, also known as "Clemencia," together with others, did knowingly and intentionally use and carry one or more firearms during and in relation to a crime of violence, to wit: the crime charged in Count Seven, and did knowingly and intentionally possess such firearms in furtherance of said crime of violence, one or more of which firearms was brandished and discharged.

(Title 18, United States Code, Sections 924(c)(1)(A)(i), 924(c)(1)(A)(ii), 924(c)(1)(A)(iii), 2 and 3551 et seq.)

## COUNT NINE
(Causing the Death of Victor Alvarenga Through the Use of a Firearm)

39.     On or about November 4, 2018, within the Eastern District of New York, the defendants RAMIRO GUTIERREZ, also known as "Cara de Malo," JAIRO

MARTINEZ-GARCIA, also known as "Colmillo," and DOUGLAS MELGAR-SURIANO,

also known as "Clemencia," together with others, in the course of a violation of Title 18,

United States Code, Section 924(c), to wit: the crime charged in Count Eight, did knowingly

and intentionally cause the death of a person through the use of a firearm, which killing was

a murder as defined in Title 18, United States Code, Section 1111(a), in that the defendants,

together with others, with malice aforethought, did unlawfully kill Victor Alvarenga

willfully, deliberately, maliciously and with premeditation.

(Title 18, United States Code, Sections 924(j)(1), 2 and 3551 et seq.)

## COUNT TEN
(Marijuana Distribution Conspiracy)

40.    In or about and between January 2019 and March 2020, both dates

being approximate and inclusive, within the Eastern District of New York and elsewhere, the

defendants MARLON SARACAY-LOPEZ, also known as "Plocky," EMERSON

MARTINEZ-LARA, also known as "Fugitivo," and ISMAEL SANTOS-NOVOA, also

known as "Profe" and "Travieso," together with others, did knowingly and intentionally

conspire to distribute and possess with intent to distribute a controlled substance, which

offense involved a substance containing marijuana, a Schedule I controlled substance,

contrary to Title 21, United States Code, Section 841(a)(1).

(Title 21, United States Code, Sections 846 and 841(b)(1)(D); Title 18, United

States Code, Sections 3551 et seq.)

## COUNT ELEVEN
(Marijuana Distribution)

41.    In or about and between January 2019 and March 2020, both dates

being approximate and inclusive, within the Eastern District of New York and elsewhere, the

defendants MARLON SARACAY-LOPEZ, also known as "Plocky," EMERSON

MARTINEZ-LARA, also known as "Fugitivo," and ISMAEL SANTOS-NOVOA, also

known as "Profe" and "Travieso," together with others, did knowingly and intentionally

distribute and possess with intent to distribute a controlled substance, which offense involved

a substance containing marijuana, a Schedule I controlled substance.

(Title 21, United States Code, Sections 841(a)(1) and 841(b)(1)(D); Title 18,

United States Code, Sections 3551 et seq.)

## COUNT TWELVE
(Conspiracy to Murder In-Aid-Of Racketeering – Abel Mosso)

42.     The allegations contained in paragraphs one through eight, 27 and 28

are realleged and incorporated as if fully set forth in this paragraph.

43.     In or about and between January 2019 and February 2019, both dates

being approximate and inclusive, within the Eastern District of New York, the defendants

RAMIRO GUTIERREZ, also known as "Cara de Malo," VICTOR LOPEZ, also known as

"Curioso," and TITO MARTINEZ-ALVARENGA, also known as "Imprudente," together

with others, for the purpose of gaining entrance to, and maintaining and increasing position

in, the MS-13, an enterprise engaged in racketeering activity, did knowingly and

intentionally conspire to murder Abel Mosso, in violation of New York Penal Law Sections

125.25(1) and 105.15.

(Title 18, United States Code, Sections 1959(a)(5) and 3551 et seq.)

## COUNT THIRTEEN
(Murder In-Aid-Of Racketeering – Abel Mosso)

44.     The allegations contained in paragraphs one through eight, 27 and 28

are realleged and incorporated as if fully set forth in this paragraph.

45.     On or about February 3, 2019, within the Eastern District of New York, the defendants RAMIRO GUTIERREZ, also known as "Cara de Malo," VICTOR LOPEZ, also known as "Curioso," and TITO MARTINEZ-ALVARENGA, also known as "Imprudente," together with others, for the purpose of gaining entrance to, and maintaining and increasing position in, the MS-13, an enterprise engaged in racketeering activity, did knowingly and intentionally murder Abel Mosso, in violation of New York Penal Law Sections 125.25(1) and 20.00.

(Title 18, United States Code, Sections 1959(a)(1), 2 and 3551 et seq.)

## COUNT FOURTEEN
(Possessing, Brandishing and Discharging a Firearm During a Crime of Violence)

46.     On or about February 3, 2019, within the Eastern District of New York, the defendants RAMIRO GUTIERREZ, also known as "Cara de Malo," VICTOR LOPEZ, also known as "Curioso," and TITO MARTINEZ-ALVARENGA, also known as "Imprudente," together with others, did knowingly and intentionally use and carry one or more firearms during and in relation to a crime of violence, to wit: the crime charged in Count Thirteen, and did knowingly and intentionally possess such firearms in furtherance of said crime of violence, one or more of which firearms was brandished and discharged.

(Title 18, United States Code, Sections 924(c)(1)(A)(i), 924(c)(1)(A)(ii), 924(c)(1)(A)(iii), 2 and 3551 et seq.)

## COUNT FIFTEEN
(Causing the Death of Abel Mosso Through the Use of a Firearm)

47.     On or about February 3, 2019, within the Eastern District of New York, the defendants RAMIRO GUTIERREZ, also known as "Cara de Malo," VICTOR LOPEZ, also known as "Curioso," and TITO MARTINEZ-ALVARENGA, also known as

"Imprudente," together with others, in the course of a violation of Title 18, United States Code, Section 924(c), to wit: the crime charged in Count Fourteen, did knowingly and intentionally cause the death of a person through the use of a firearm, which killing was a murder as defined in Title 18, United States Code, Section 1111(a), in that the defendants, together with others, with malice aforethought, did unlawfully kill Abel Mosso willfully, deliberately, maliciously and with premeditation.

(Title 18, United States Code, Sections 924(j)(1), 2 and 3551 et seq.)

## COUNT SIXTEEN
(Conspiracy to Murder In-Aid-Of Racketeering – John Doe 2)

48.     The allegations contained in paragraphs one through eight, 27 and 28 are realleged and incorporated as if fully set forth in this paragraph.

49.     In or about March 2019, within the Eastern District of New York and elsewhere, the defendants EMERSON MARTINEZ-LARA, also known as "Fugitivo," and DOUGLAS MELGAR-SURIANO, also known as "Clemencia," together with others, for the purpose of gaining entrance to, and maintaining and increasing position in, the MS-13, an enterprise engaged in racketeering activity, did knowingly and intentionally conspire to murder John Doe 2, in violation of New York Penal Law Sections 125.25(1) and 105.15.

(Title 18, United States Code, Sections 1959(a)(5) and 3551 et seq.)

## COUNT SEVENTEEN
(Conspiracy to Murder In-Aid-Of Racketeering – John Doe 3)

50.     The allegations contained in paragraphs one through eight, 27 and 28 are realleged and incorporated as if fully set forth in this paragraph.

51.     In or about and between May 2019 and July 2019, both dates being approximate and inclusive, within the Eastern District of New York and elsewhere, the

defendants MARLON SARACAY-LOPEZ, also known as "Plocky," EMERSON

MARTINEZ-LARA, also known as "FUGITIVO," and ISMAEL SANTOS-NOVOA, also

known as "Profe" and "Travieso," together with others, for the purpose of gaining entrance

to, and maintaining and increasing position in, the MS-13, an enterprise engaged in

racketeering activity, did knowingly and intentionally conspire to murder John Doe 3, in

violation of New York Penal Law Sections 125.25(1) and 105.15.

(Title 18, United States Code, Sections 1959(a)(5) and 3551 et seq.)

## COUNT EIGHTEEN
(Conspiracy to Murder In-Aid-Of Racketeering – Members of the 18th Street Gang)

52.     The allegations contained in paragraphs one through eight, 27 and 28

are realleged and incorporated as if fully set forth in this paragraph.

53.     In or about August 2019, within the Eastern District of New York and

elsewhere, the defendants MARLON SARACAY-LOPEZ, also known as "Plocky,"

VICTOR RAMIREZ, also known as "Frijolito," and ISMAEL SANTOS-NOVOA, also

known as "Profe" and "Travieso," together with others, for the purpose of gaining entrance

to, and maintaining and increasing position in, the MS-13, an enterprise engaged in

racketeering activity, did knowingly and intentionally conspire to murder one or more

persons, to wit: members of the 18th Street gang in Queens, New York, in violation of New

York Penal Law Sections 125.25(1) and 105.15.

(Title 18, United States Code, Sections 1959(a)(5) and 3551 et seq.)

## COUNT NINETEEN
(Attempted Murder In-Aid-Of Racketeering – John Doe 4)

54.     The allegations contained in paragraphs one through eight, 27 and 28

are realleged and incorporated as if fully set forth in this paragraph.

55.    On or about August 25, 2019, within the Eastern District of New York and elsewhere, the defendants MARLON SARACAY-LOPEZ, also known as "Plocky," VICTOR RAMIREZ, also known as "Frijolito," and ISMAEL SANTOS-NOVOA, also known as "Profe" and "Travieso," together with others, for the purpose of gaining entrance to, and maintaining and increasing position in, the MS-13, an enterprise engaged in racketeering activity, did knowingly and intentionally attempt to murder John Doe 4, in violation of New York Penal Law Sections 125.25(1), 110.00 and 20.00.

(Title 18, United States Code, Sections 1959(a)(5), 2 and 3551 et seq.)

## COUNT TWENTY
### (Assault In-Aid-Of Racketeering – John Doe 5)

56.    The allegations contained in paragraphs one through eight, 27 and 28 are realleged and incorporated as if fully set forth in this paragraph.

57.    On or about August 25, 2019, within the Eastern District of New York and elsewhere, the defendants MARLON SARACAY-LOPEZ, also known as "Plocky," VICTOR RAMIREZ, also known as "Frijolito," and ISMAEL SANTOS-NOVOA, also known as "Profe" and "Travieso," together with others, for the purpose of gaining entrance to, and maintaining and increasing position in, the MS-13, an enterprise engaged in racketeering activity, did knowingly and intentionally assault John Doe 5, an individual whose identity is known to the Grand Jury, with a dangerous weapon, in violation of New York Penal Law Sections 120.05(2) and 20.00.

(Title 18, United States Code, Sections 1959(a)(3), 2 and 3551 et seq.)

## COUNT TWENTY-ONE
### (Possessing, Brandishing and Discharging a Firearm During a Crime of Violence)

58.     On or about August 25, 2019, within the Eastern District of New York,

the defendants MARLON SARACAY-LOPEZ, also known as "Plocky," VICTOR

RAMIREZ, also known as "Frijolito," and ISMAEL SANTOS-NOVOA, also known as

"Profe" and "Travieso," together with others, did knowingly and intentionally use and carry

one or more firearms during and in relation to one or more crimes of violence, to wit: the

crimes charged in Counts Nineteen and Twenty, and did knowingly and intentionally possess

such firearms in furtherance of said crimes of violence, one or more of which firearms was

brandished and discharged.

(Title 18, United States Code, Sections 924(c)(1)(A)(i), 924(c)(1)(A)(ii),

924(c)(1)(A)(iii), 2 and 3551 et seq.)

### CRIMINAL FORFEITURE ALLEGATION
### AS TO COUNT ONE

59.     The United States hereby gives notice to the defendants charged in

Count One that, upon their conviction of such offense, the government will seek forfeiture in

accordance with Title 18, United States Code, Section 1963(a), which requires any person

convicted of such offense to forfeit: (a) any interest the person acquired or maintained in

violation of Title 18, United States Code, Section 1962; (b) any interest in, security of, claim

against or property or contractual right of any kind affording a source of influence over, any

enterprise which the person has established, operated, controlled, conducted or participated

in the conduct of, in violation of Title 18, United States Code, Section 1962; and (c) any

property constituting, or derived from, any proceeds which the person obtained, directly or

indirectly, from racketeering activity in violation of Title 18, United States Code, Section 1962.

60.     If any of the above-described forfeitable property, as a result of any act or omission of the defendants:

(a)     cannot be located upon the exercise of due diligence;

(b)     has been transferred or sold to, or deposited with, a third party;

(c)     has been placed beyond the jurisdiction of the court;

(d)     has been substantially diminished in value; or

(e)     has been commingled with other property which cannot be divided without difficulty;

it is the intent of the United States, pursuant to Title 18, United States Code, Section 1963(m), to seek forfeiture of any other property of the defendants up to the value of the forfeitable property described in this forfeiture allegation.

(Title 18, United States Code, Sections 1963(a) and 1963(m))

## CRIMINAL FORFEITURE ALLEGATION AS TO
## COUNTS TWO, EIGHT, NINE, FOURTEEN, FIFTEEN AND TWENTY-ONE

61.     The United States hereby gives notice to the defendants charged in Counts Two, Eight, Nine, Fourteen, Fifteen and Twenty-One that, upon their conviction of any such offenses, the government will seek forfeiture in accordance with Title 18, United States Code, Section 924(d)(1) and Title 28, United States Code, Section 2461(c), which require the forfeiture of any firearm or ammunition involved in or used in any knowing violation of Title 18, United States Code, Section 924, or any violation of any other criminal law of the United States.

62.    If any of the above-described forfeitable property, as a result of any act or omission of the defendants:

(a)    cannot be located upon the exercise of due diligence;

(b)    has been transferred or sold to, or deposited with, a third party;

(c)    has been placed beyond the jurisdiction of the court;

(d)    has been substantially diminished in value; or

(e)    has been commingled with other property which cannot be divided without difficulty;

it is the intent of the United States, pursuant to Title 21, United States Code, Section 853(p), to seek forfeiture of any other property of the defendants up to the value of the forfeitable property described in this forfeiture allegation.

(Title 18, United States Code, Section 924(d)(1); Title 21, United States Code, Section 853(p); Title 28, United States Code, Section 2461(c))

### CRIMINAL FORFEITURE ALLEGATION
### AS TO COUNTS TEN AND ELEVEN

63.    The United States hereby gives notice to the defendants charged in Counts Ten and Eleven that, upon their conviction of either such offense, the government will seek forfeiture in accordance with Title 21, United States Code, Section 853(a), which requires any person convicted of such offenses to forfeit: (a) any property constituting, or derived from, any proceeds obtained directly or indirectly as the result of such offenses; and (b) any property used, or intended to be used, in any manner or part, to commit, or to facilitate the commission of, such offenses.

64.    If any of the above-described forfeitable property, as a result of any act or omission of the defendants:

(a)    cannot be located upon the exercise of due diligence;

(b)    has been transferred or sold to, or deposited with, a third party;

(c)    has been placed beyond the jurisdiction of the court;

(d)    has been substantially diminished in value; or

(e)    has been commingled with other property which cannot be divided without difficulty;

it is the intent of the United States, pursuant to Title 21, United States Code, Section 853(p), to seek forfeiture of any other property of the defendants up to the value of the forfeitable property described in this forfeiture allegation.

(Title 21, United States Code, Sections 853(a) and 853(p))

A TRUE BILL

*Robn Reines*

FOREPERSON

*Richard P. Donoghue*

RICHARD P. DONOGHUE
UNITED STATES ATTORNEY
EASTERN DISTRICT OF NEW YORK

F. #2017R00089
FORM DBD-34
JUN. 85

No. _____

# UNITED STATES DISTRICT COURT

### EASTERN *District of* NEW YORK

### CRIMINAL DIVISION

### THE UNITED STATES OF AMERICA

*vs.*

*MARLON SARACAY-LOPEZ, aka "Plocky," et al.,*

Defendants.

## INDICTMENT

T. 18, U.S.C., §§ 924(c)(1)(A)(i), 924(c)(1)(A)(ii), 924(c)(1)(A)(iii), 924(d)(1), 924(j)(1), 1959(a)(1), 1959(a)(3), 1959(a)(5), 1962(c), 1963, 1963(a), 1963(m), 2 and 3551 et seq.; T. 21, U.S.C., §§ 841(a)(1), 841(b)(1)(D), 846, 853(a) and 853(p); T. 28, U.S.C., § 2461(c))

*A true bill.*

_____
                                                          *Foreperson*

*Filed in open court this* _ _ _ _ _ _ _ _ _ _ _ _ _ _ *day,*

*of* _ _ _ _ _ _ _ _ _ _ _ *A.D. 20* _ _ _ _ _

_____
                                                                    *Clerk*

*Bail, $* _ _ _ _ _ _ _ _ _ _ _

*Nadia E. Moore and Phil Selden, Assistant U.S. Attorneys (718) 254-7000*