

**U.S. Department of Justice**

*United States Attorney*
*Eastern District of New York*

JRS/MWG/ALK                          *271 Cadman Plaza East*
F. #2020R00146/OCDETF#NY-NYE-930     *Brooklyn, New York 11201*

June 21, 2023

<u>By ECF and E-Mail</u>

The Honorable Cheryl L. Pollak
United States Magistrate Judge
Eastern District of New York
225 Cadman Plaza East
Brooklyn, New York 11201

   Re: United States v. Edenilson Velasquez Larin, et al.
     <u>Criminal Docket No. 20-228 (S-2) (LDH)</u>

Dear Judge Pollak:

   The government respectfully submits this letter in support of its request that the Court enter permanent orders of detention against the defendants Christian Alas Leon, Carlos Alvarado, Jose Arevalo Iraheta, Erick Galdamez Leon, Jose Guevara Aguilar, Oscar Hernandez Baires, Jose Mejia Hernandez and Erick Zavala Hernandez, all of whom were arrested this morning after having been charged by a second superseding indictment in this case. Defendants Leyla Carranza, Jose Espinoza Sanchez, Blanca Garcia, and Keila Hernandez May were arrested this morning in other districts. Defendant Edenilson Velasquez Larin is currently in immigration custody in the Northern District of Ohio and will be arrested in the next several days.[1] As set forth below, the newly-added defendants in this case are charged with various crimes related to

---

   [1]  One sealed defendant remains at large.

   For the reasons set forth herein, the government also intends to seek permanent orders of detention as to defendants Velasquez Larin, Carranza, Espinoza Sanchez and Hernandez May when they appear in this district. The government intends to request a substantial bail package as to defendant Garcia when she appears in this district.

   Defendants Oscar Flores-Mejia, Ramiro Gutierrez, Victor Lopez, Tito Martinez-Alvarenga, Emerson Martinez-Lara, and Ismael Santos-Novoa are in federal custody pursuant to previously-entered permanent orders of detention in this case, and defendants Yonathan Hernandez and Tylor Salmeron are in federal custody pursuant to previously-entered permanent orders of detention in a related case: <u>United States v. Hernandez, et al.</u>, No. 22-CR-480 (JS) (E.D.N.Y.). The government intends to schedule the arraignments on the second superseding indictment for these defendants at a later date.

their membership in, and association with, the violent transnational criminal organization La Mara Salvatrucha, also known as "MS-13." Given the nature of the crimes charged, there is a statutory presumption of detention for all defendants appearing today in this District, and all of the defendants appearing today should be detained as they each pose a risk of flight and are dangers to the community.

I.    Background

    A.    Relevant Offense Conduct

        The government proffers the following facts concerning the offense conduct that is relevant to the newly-added defendants in this case. See United States v. LaFontaine, 210 F.3d 125, 130-31 (2d Cir. 2000) (holding that the government may proceed by proffer in a detention hearing); United States v. Ferranti, 66 F.3d 540, 542 (2d Cir. 1995) (same); United States v. Martir, 782 F.2d 1141, 1145 (2d Cir. 1986) (same).

        The proof in the case includes, among other things, the following: (1) testimony of eyewitnesses and cooperating witnesses; (2) 911 calls and phone records; (3) video surveillance footage; (4) text messages, photographs, videos and other materials recovered from cellular telephones and iCloud accounts of the defendants and their coconspirators; (5) audio recordings; and (6) crime scene and autopsy evidence.

        1.    Defendants' Affiliation with MS-13

        MS-13 operates through chapters, or "cliques," throughout the United States. The enterprise, which is active in Queens, Long Island, and elsewhere, engages in a range of racketeering activity, including murder, kidnapping, robbery, and narcotics trafficking. Gang membership is considered a lifetime commitment, with only rare exceptions that allow individuals to leave the gang. Clique members often carry out directives from regional, national and international MS-13 leaders, including orders to kill witnesses, rival gang members, and potential cooperating or defecting MS-13 members. MS-13 cliques assist each other in carrying out violent crimes, harboring fugitives, acquiring firearms, distributing narcotics, and other criminal activity.

        Defendant Edenilson Velasquez Larin is a leader of the Fulton Locos Salvatruchas ("FLS") clique of MS-13 and one of the leaders of MS-13's "U.S. Program," also known as the "L.A. Program," which purports to oversee all MS-13 activity across the country. In recent years, the FLS clique has grown in size and power, and the FLS clique has exerted control over other MS-13 cliques in the United States, including by collecting monthly dues from other cliques, which are in turn paid to U.S. Program leadership. Defendant Jose Espinoza Sanchez has a leadership role within the FLS clique underneath Velasquez Larin. Defendants Christian Alas Leon, Carlos Alvarado, Jose Arevalo Iraheta, Erick Galdamez Leon, Jose Guevara Aguilar, Oscar Hernandez Baires, Jose Mejia Hernandez, and Erick Zavala Hernandez are all members of the FLS clique. Members of FLS have committed or participated in at least three murders in recent years, including the murders of Victor Alvarenga, Abel Mosso and Eric Monge in Queens, New York. Defendants Blanca Garcia (Velasquez Larin's girlfriend), and Keila

Hernandez May (Espinoza Sanchez's girlfriend) participated in laundering tens of thousands of dollars in narcotics proceeds for the FLS clique.

Defendant Leyla Carranza was the girlfriend of defendant Juan Amaya-Ramirez, an associate of the Indios Locos Salvatruchas ("ILS") clique of MS-13 and, as described below, participated with Amaya-Ramirez and Oscar Flores-Mejia in the brutal murder of Andy Peralta.

2.     Murder of Andy Peralta (Counts 6-10)[2]

In 2018, defendants Juan Amaya-Ramirez, Oscar Flores-Mejia, and another MS-13 associate plotted to kill seventeen-year-old Andy Peralta because they wanted to join MS-13, and they believed mistakenly that Peralta was a member of a rival gang. At the time, Amaya-Ramirez was dating defendant Leyla Carranza, who agreed to help her boyfriend and his friends to kill Peralta by luring him to his death in Kissena Park.

In furtherance of the murder plot, Carranza began to communicate with Peralta through social media, and Carranza convinced Peralta to meet for a romantic encounter in Kissena Park. On the evening of April 23, 2018, Peralta went to Kissena Park to meet Carranza. Once inside the park, Peralta was confronted by Amaya-Ramirez, Flores-Mejia, and a third MS-13 associate. The three men beat, stabbed, and strangled Peralta to death. After the murder, Amaya-Ramirez took a photograph of Peralta's body while he and his co-conspirators displayed MS-13 hand signs. This photograph was recovered from Amaya-Ramirez's iCloud account.

Photographs seized from Apple iCloud accounts for Carranza and Amaya-Ramirez establish Carranza's association with MS-13. For example, below is a still frame from a video recovered from Amaya-Ramirez's iCloud account, which shows Carranza and Amaya-Ramirez both flashing MS-13 hand signs:

---

[2]     Juan Amaya-Ramirez, Oscar Flores-Mejia and Leyla Carranza are charged with these crimes.



In addition, cellphone location information shows that Carranza's cellphone was in the immediate vicinity of the entrance to Kissena Park near the time that Peralta can be seen on video surveillance meeting with Carranza at the park's entrance.

### 3. Murder of Victor Alvarenga (Counts 11-15)[3]

In the early morning hours of November 4, 2019, Douglas Melgar-Suriano and Jairo Martinez Garcia shot and killed Victor Alvarenga in a street near his home in Queens.[4]  As Alvarenga's body lay in the street, Defendant Tito Martinez-Alvarenga arrived and, wearing gloves, removed Alvarenga's cellphone.  Defendant Ramiro Gutierrez served as the getaway driver, and defendant Jose Espinoza Sanchez was present in Gutierrez's vehicle overseeing the murder.  The shooting was captured on video surveillance cameras.

The murder was carried out on the orders of defendants Edenilson Velasquez Larin and Espinoza Sanchez, who instructed MS-13 members to kill Alvarenga because he was falsely claiming to be a "homeboy" of the Hollywood Locos Salvatruchas clique of MS-13.

---

[3]     Edenilson Velasquez Larin, Jose Espinoza Sanchez, Ramiro Gutierrez and Tito Martinez-Alvarenga are charged with these crimes.

[4]     Melgar-Suriano and Martinez Garcia were previously charged, and both have since pleaded guilty to crimes related to this murder.

4.     Conspiracy to Murder 18th Street Members (Count 27)[5]

According to cooperating witnesses, beginning in or about late 2019, defendant Espinoza Sanchez learned that members of the rival 18th Street gang were increasing their presence in Elmont, New York, which is part of FLS's territory.  As leaders of the FLS clique, defendants Velasquez Larin and Espinoza Sanchez directed FLS members to patrol the Elmont neighborhood in search of 18th Street members to kill.  In spring 2020, Velasquez Larin also arranged for FLS members from Maryland to travel to New York to patrol the Elmont neighborhood along with FLS members from New York.  Defendants Jose Arevalo Iraheta, Oscar Hernandez Baires, and Erick Zavala Hernandez participated in patrolling Elmont in search of 18th Street members to murder.  Arevalo Iraheta and an FLS members from Maryland ultimately found someone believed to be an 18th Street member and shot at him.

Hotel records reflect that defendant Zavala Hernandez booked a hotel room with two beds in Westbury, New York (a short drive from Elmont) for the nights of May 1 and May 2, 2020.  Cellphone location information confirms that at least one FLS member from Maryland traveled from Maryland to New York and was present in Elmont, New York on the evening of Sunday, May 3, 2020.  Cellphone location information also shows that defendant Hernandez Baires was also present in Elmont the same evening.

5.     Murder of Eric Monge (Counts 28-32)[6]

In the early morning hours of September 6, 2020, defendant Oscar Hernandez Baires and another individual shot and killed Eric Monge while he was seated in a parked car near his home in Queens, New York.  The murder was captured by nearby surveillance cameras. Monge had just returned home from a day at the beach with his wife and young children. Monge's wife had just taken their young children into their residence and returned to the car to find parking when Hernandez Baires and the other individual began shooting.  Monge had been a member of the Guanacos Lil Cycos Salvatruchas clique of MS-13 and had a dispute with Hernandez Baires that had resulted in Monge punching Hernandez Baires in an earlier incident. Shortly after the murder, Hernandez Baires was promoted within the FLS clique.

6.     Attempted Murder of John Doe 5 (Counts 34-35)[7]

On the evening of July 29, 2021, defendant Christian Alas Leon and two other FLS members were hanging out at a tobacco shop in Westbury, New York, when a member of the rival Latin Kings gang entered.  Alas Leon and the Latin Kings member (John Doe 5) began to fight with their fists.  Alas Leon then pulled out a machete and chased John Doe 5 into the street.  Alas Leon and the two other FLS members, all of whom were armed with machetes,

---

[5]     Edenilson Velasquez Larin, Jose Arevalo Iraheta, Jose Espinoza Sanchez, Jose Guevara Aguilar, Oscar Hernandez Baires and Erick Zavala Hernandez are charged with these crimes.

[6]     Oscar Hernandez Baires is charged with these crimes.

[7]     Christian Alas Leon is charged with these crimes.

pursued John Doe 5 in the street, and Alas Leon and another FLS member slashed John Doe 5 several times in the back and head before he managed to escape. The incident was captured on video surveillance cameras.

7.  Conspiracy to Murder John Does 6 and 7, and
    Attempted Murder of John Doe 6 (Counts 36-39)[8]

As retaliation for the above-described machete attack on July 29, 2021, later that same night, a Latin Kings member (John Doe 7) stabbed an FLS member in the chest. Another Latin Kings member (John Doe 6) was also believed to have been present for the stabbing.

In response to the stabbing, FLS clique members met at a public park in Hicksville, New York to discuss retaliation against the Latin Kings. Present for the meeting, among others, were defendants Christian Alas Leon, Carlos Alvarado, Erick Galdamez Leon, and Jose Mejia Hernandez. Defendants Edenilson Velasquez Larin and Jose Espinoza Sanchez, the FLS leaders, participated in the meeting by telephone. During the meeting, Velasquez Larin ordered the FLS clique members to kill John Doe 6 and John Doe 7, and the defendants present at the meeting agreed.

Shortly after the meeting in the park, on the evening of August 2, 2021, defendant Galdamez Leon shot at John Doe 6 multiple times, and John Doe 6 sustained one gunshot wound to the ankle. Cellphone location information shows that Galdamez Leon's cellphone was located in the immediate vicinity of the shooting at the time of the shooting.

8.  Attempted Murder of John Doe 8 (Counts 40-43)[9]

In or about September 2021, another Latin Kings member (John Doe 8) posted to Facebook a video of himself walking in MS-13 territory in Westbury, New York. FLS members saw the video and agreed to kill John Doe 8 in retaliation for his provocation. In the early morning hours of September 15, 2021, defendant Tylor Salmeron and another FLS member saw John Doe 8 near Bunky Reid Park in Westbury, New York. Salmeron called Alvarado and another FLS member, who instructed him not to lose track of John Doe 8. Cellphone location information shows that, at the time of this call, Salmeron was located in the vicinity of Bunky Reid Park. Approximately one hour later, Alvarado and the other FLS member, both armed with guns, arrived at the park and confronted John Doe 8. John Doe 8 fled the park and tried to enter a nearby house, but Alvarado and the other FLS member caught up to John Doe 8 and shot him

---

[8]     Edenilson Velasquez Larin, Christian Alas Leon, Carlos Alvarado, Jose Espinoza Sanchez, Erick Galdamez Leon, and Jose Mejia Hernandez are charged with these crimes.

[9]     Carlos Alvarado and Tylor Salmeron are charged with these crimes.

in the face.  Alvarado and the other FLS member attempted to shoot John Doe 8 additional times, but their guns jammed.  The shooting was captured on video surveillance.

9.      <u>Drug Trafficking Crimes (Counts 3-4)</u>[10]

All FLS clique members routinely sold cocaine and marijuana to earn money for the gang.  Mejia Hernandez and Galdamez Leon were the primary drug suppliers within the gang.

In addition to witness testimony, evidence of the drug trafficking conspiracy includes, among other evidence, phones seized from Guevara Aguilar and Mejia Hernandez, and the results of a search of FLS member Jose Lopez Rivera's home in Elmont, New York.  Specifically, in July 2021, Jose Lopez Rivera was arrested in Elmont, New York on an arrest warrant from the District of Maryland for murder charges connected to Lopez Rivera's membership in MS-13.  At that time, Lopez Rivera's home was searched with the consent of his live-in girlfriend.  During the search, law enforcement found, among other items, (1) over one-hundred rounds of ammunition; (2) approximately one dozen cellular phones; (3) a digital scale and hundreds of small Ziplock baggies; (4) over $20,000 in cash; (5) approximately 618 grams of cocaine, most of which was in a solid brick, and some of which was broken down into smaller chunks; (6) numerous Ziplock bags of a green leafy substance, consistent in appearance with marijuana; (7) a shotgun and a firearm magazine; and (8) a notebook containing handwritten notes.  The notebook contains terms for marijuana—<u>e.g.</u>, "Sour Patch," "Gusher," and "Sour Diesel"—and numbers consistent with the prices of pounds of marijuana.  The notebook also includes lists of FLS members with numbers next to their names, which appear to document money paid by those members.  For example, "Pink 100" and "Trank 100," as references to "Pinky" and "Tranquilo," <u>i.e.</u>, Hernandez Baires and Aguilar Guevara, respectively.

10.      <u>Money Laundering Conspiracy (Count 33)</u>[11]

Financial records obtained over the course of the investigation show that tens of thousands of dollars flowed from FLS members and the members of other cliques to MS-13 leader Velasquez Larin.  These money transfers always moved through at least one intermediary, and often through multiple intermediaries.  The funds represent the proceeds of the above-

---

[10]      Edenilson Velasquez Larin, Christian Alas Leon, Carlos Alvarado, Jose Arevalo Iraheta, Jose Espinoza Sanchez, Erick Galdamez Leon, Jose Guevara Aguilar, Oscar Hernandez Baires, Jose Mejia Hernandez, Tylor Salmeron and Erick Zavala Hernandez are charged with this crime.

[11]      Edenilson Velasquez Larin, Christian Alas Leon, Carlos Alvarado, Jose Espinoza Sanchez, Erick Galdamez Leon, Blanca Garcia, Oscar Hernandez Baires, Keila Hernandez May, Jose Mejia Hernandez and Erick Zavala Hernandez are charged with this crime.

described drug trafficking, as well as clique "dues" that MS-13 members were required to pay to maintain membership in the MS-13.

Defendant Erick Zavala Hernandez, in particular, was responsible for transferring tens of thousands of dollars to Velasquez Larin through intermediaries—notably, Velasquez Larin's girlfriend, defendant Blanca Garcia. Specifically, financial records show that from 2020 to 2023, Zavala Hernandez received money from defendant Mejia Hernandez, Mejia Hernandez's girlfriend, and other known FLS associates. During the same time period, Zavala Hernandez sent over $60,000 to Garcia, in increments ranging from a few hundred dollars to a few thousand dollars. Garcia then transferred the money to Velasquez Larin shortly thereafter, sometimes the same day. Records show that, in addition to sending money to Garcia directly, Zavala Hernandez commonly sent money to his brother, who then sent the money to Garcia.

Defendant Keila Hernandez May is defendant Espinoza Sanchez's girlfriend, and she has operated as an intermediary for the laundering of thousands of dollars from FLS members to Garcia, who has acted as the main conduit for Velasquez Larin. For instance, over the course of numerous transfers, Hernandez May sent Garcia approximately $8,000 via money transfers from 2019 through 2021.

Records show that defendants Mejia Hernandez, Alas Leon, and Hernandez Baires's girlfriend, have also each made transfers of over a thousand dollars to Garcia, for the benefit of Velasquez Larin.

In total, records show that Garcia has sent Velasquez Larin over $70,000 from 2020 to 2023.

Text messages from a cellphone seized from FLS member Jose Lopez Rivera corroborate that Zavala Hernandez was sending money to Garcia at the direction of FLS leaders. For example, on June 29, 2021, Lopez Rivera send a message through Telegram to a contact "Brr" (a reference to Zavala Hernandez's nickname "Berry") stating (in Spanish), "Can you come get 500 dollars for Pablo?" Zavala Hernandez responded, "Okay." Later that day, Zavala Hernandez sent Lopez Rivera a screenshot indicating that he had sent $500 through Zelle. Lopez Rivera sent a copy of this screenshot to Velasquez Larin. According to records from JPMorgan Chase Bank, on June 29, 2021, Zavala Hernandez made a $500 Zelle transfer to a contact "Pablo." According to records from Zelle, this $500 transfer was, in fact, a transfer to Garcia. According to Zelle records, approximately 11 minutes after Garcia received this payment, she sent $300 to Velasquez Larin.

11.     Evidence Recovered from Defendant Carlos Alvarado's Home

Earlier this morning, law enforcement agents executed a search warrant at defendant Carlos Alvarado's home in Westbury, New York and recovered, among other items,

sixteen rounds of 9mm ammunition, a scale, five cellphones, multiple SIM cards, and over $2,000 in cash.

B.  Summary of the Counts Against Each Defendant

On June 15, 2023, a grand jury in this district returned a second superseding indictment charging the defendants with various crimes related to their membership in, and association with, MS-13.  The chart below sets forth the crimes charged against each defendant:

| Defendant | Charges |
|---|---|
| Edenilson Velasquez Larin | • Racketeering conspiracy, in violation of 18 U.S.C. § 1962(d) (Count One)<br><br>• Possessing a firearm during a drug trafficking crime, in violation of 18 U.S.C. § 924(c)(1)(A)(i) (Count Two)<br><br>• Counting criminal enterprise, in violation of 21 U.S.C. § 848(a) (Count Three)<br><br>• Conspiracy to distribute and possess with intent to distribute cocaine and marijuana (FLS), in violation of 21 U.S.C. § 846 (Count Four)<br><br>• Conspiracy to murder in-aid-of racketeering – Victor Alvarenga, in violation of 18 U.S.C. § 1959(a)(5) (Count Eleven)<br><br>• Assault in-aid-of racketeering – Victor Alvarenga, in violation of 18 U.S.C. § 1959(a)(3) (Count Twelve)<br><br>• Murder in-aid-of racketeering – Victor Alvarenga, in violation of 18 U.S.C. § 1959(a)(1) (Count Thirteen)<br><br>• Possessing, brandishing and discharging a firearm during crimes of violence – Victor Alvarenga, in violation of 18 U.S.C. § 924(c)(1)(A)(iii) (Count Fourteen)<br><br>• Causing the death of Victor Alvarenga through the use of a firearm, in violation of 18 U.S.C. § 924(j) (Count Fifteen)<br><br>• Conspiracy to murder in-aid-of racketeering – Members of 18th Street, in violation of 18 U.S.C. § 1959(a)(5) (Count Twenty-Seven)<br><br>• Money laundering conspiracy, in violation of 18 U.S.C. § 1956(h) (Count Thirty-Three) |

| Defendant | Charges |
|---|---|
| | • Conspiracy to murder in-aid-of racketeering – John Does 6 and 7, in violation of 18 U.S.C. § 1959(a)(5) (Count Thirty-Six)<br><br>• Attempted murder in-aid-of racketeering – John Doe 6, in violation of 18 U.S.C. § 1959(a)(5) (Count Thirty-Seven)<br><br>• Assault in-aid-of racketeering – John Doe 6, in violation of 18 U.S.C. § 1959(a)(3) (Count Thirty-Eight)<br><br>• Possessing, brandishing and discharging a firearm during crimes of violence – John Doe 6, in violation of 18 U.S.C. § 924(c)(1)(A)(iii) (Count Thirty-Nine) |
| Christian Alan Leon | • Racketeering conspiracy, in violation of 18 U.S.C. § 1962(d) (Count One)<br><br>• Possessing a firearm during a drug trafficking crime, in violation of 18 U.S.C. § 924(c)(1)(A)(i) (Count Two)<br><br>• Conspiracy to distribute and possess with intent to distribute cocaine and marijuana (FLS), in violation of 21 U.S.C. § 846 (Count Four)<br><br>• Money laundering conspiracy, in violation of 18 U.S.C. § 1956(h) (Count Thirty-Three)<br><br>• Attempted murder in-aid-of racketeering – John Doe 5, in violation of 18 U.S.C. § 1959(a)(5) (Count Thirty-Four)<br><br>• Assault in-aid-of racketeering – John Doe 5, in violation of 18 U.S.C. § 1959(a)(3) (Count Thirty-Five)<br><br>• Conspiracy to murder in-aid-of racketeering – John Does 6 and 7, in violation of 18 U.S.C. § 1959(a)(5) (Count Thirty-Six)<br><br>• Attempted murder in-aid-of racketeering – John Doe 6, in violation of 18 U.S.C. § 1959(a)(5) (Count Thirty-Seven)<br><br>• Assault in-aid-of racketeering – John Doe 6, in violation of 18 U.S.C. § 1959(a)(3) (Count Thirty-Eight)<br><br>• Possessing, brandishing and discharging a firearm during crimes of violence – John Doe 6, in violation of 18 U.S.C. § 924(c)(1)(A)(iii) (Count Thirty-Nine) |

| Defendant | Charges |
|-----------|---------|
| Carlos Alvarado | • Racketeering conspiracy, in violation of 18 U.S.C. § 1962(d) (Count One)<br><br>• Possessing a firearm during a drug trafficking crime, in violation of 18 U.S.C. § 924(c)(1)(A)(i) (Count Two)<br><br>• Conspiracy to distribute and possess with intent to distribute cocaine and marijuana (FLS), in violation of 21 U.S.C. § 846 (Count Four)<br><br>• Conspiracy to murder in-aid-of racketeering – John Does 6 and 7, in violation of 18 U.S.C. § 1959(a)(5) (Count Thirty-Six)<br><br>• Attempted murder in-aid-of racketeering – John Doe 6, in violation of 18 U.S.C. § 1959(a)(5) (Count Thirty-Seven)<br><br>• Assault in-aid-of racketeering – John Doe 6, in violation of 18 U.S.C. § 1959(a)(3) (Count Thirty-Eight)<br><br>• Possessing, brandishing and discharging a firearm during crimes of violence – John Doe 6, in violation of 18 U.S.C. § 924(c)(1)(A)(iii) (Count Thirty-Nine)<br><br>• Conspiracy to murder in-aid-of racketeering – John Doe 8, in violation of 18 U.S.C. § 1959(a)(5) (Count Forty)<br><br>• Attempted murder in-aid-of racketeering – John Doe 8, in violation of 18 U.S.C. § 1959(a)(5) (Count Forty-One)<br><br>• Assault in-aid-of racketeering – John Doe 8, in violation of 18 U.S.C. § 1959(a)(3) (Count Forty-Two)<br><br>• Possessing, brandishing and discharging a firearm during crimes of violence – John Doe 8, in violation of 18 U.S.C. § 924(c)(1)(A)(iii) (Count Forty-Three) |
| Juan Amaya-Ramirez | • Cyberstalking – Andy Peralta, in violation of 18 U.S.C. § 2261A (Count Six)<br><br>• Conspiracy to murder in-aid-of racketeering – Andy Peralta, in violation of 18 U.S.C. § 1959(a)(5) (Count Seven)<br><br>• Conspiracy to commit assault in-aid-of racketeering – Andy Peralta, in violation of 18 U.S.C. § 1959(a)(6) (Count Eight) |

| Defendant | Charges |
|---|---|
|  | • Assault in-aid-of racketeering – Andy Peralta, in violation of 18 U.S.C. § 1959(a)(3) (Count Nine) <br><br> • Murder in-aid-of racketeering – Andy Peralta, in violation of 18 U.S.C. § 1959(a)(1) (Count Ten) |
| Jose Arevalo Iraheta | • Racketeering conspiracy, in violation of 18 U.S.C. § 1962(d) (Count One) <br><br> • Possessing a firearm during a drug trafficking crime, in violation of 18 U.S.C. § 924(c)(1)(A)(i) (Count Two) <br><br> • Conspiracy to distribute and possess with intent to distribute cocaine and marijuana (FLS), in violation of 21 U.S.C. § 846 (Count Four) <br><br> • Conspiracy to murder in-aid-of racketeering – Members of 18th Street, in violation of 18 U.S.C. § 1959(a)(5) (Count Twenty-Seven) |
| Leyla Carranza | • Cyberstalking – Andy Peralta, in violation of 18 U.S.C. § 2261A (Count Six) <br><br> • Conspiracy to murder in-aid-of racketeering – Andy Peralta, in violation of 18 U.S.C. § 1959(a)(5) (Count Seven) <br><br> • Conspiracy to commit assault in-aid-of racketeering – Andy Peralta, in violation of 18 U.S.C. § 1959(a)(6) (Count Eight) <br><br> • Assault in-aid-of racketeering – Andy Peralta, in violation of 18 U.S.C. § 1959(a)(3) (Count Nine) <br><br> • Murder in-aid-of racketeering – Andy Peralta, in violation of 18 U.S.C. § 1959(a)(1) (Count Ten) |
| Jose Espinoza Sanchez | • Racketeering conspiracy, in violation of 18 U.S.C. § 1962(d) (Count One) <br><br> • Possessing a firearm during a drug trafficking crime, in violation of 18 U.S.C. § 924(c)(1)(A)(i) (Count Two) <br><br> • Conspiracy to distribute and possess with intent to distribute cocaine and marijuana (FLS), in violation of 21 U.S.C. § 846 (Count Four) |

| Defendant | Charges |
|---|---|
| | • Conspiracy to murder in-aid-of racketeering – Victor Alvarenga, in violation of 18 U.S.C. § 1959(a)(5) (Count Eleven)<br><br>• Assault in-aid-of racketeering – Victor Alvarenga, in violation of 18 U.S.C. § 1959(a)(3) (Count Twelve)<br><br>• Murder in-aid-of racketeering – Victor Alvarenga, in violation of 18 U.S.C. § 1959(a)(1) (Count Thirteen)<br><br>• Possessing, brandishing and discharging a firearm during crimes of violence – Victor Alvarenga, in violation of 18 U.S.C. § 924(c)(1)(A)(iii) (Count Fourteen)<br><br>• Causing the death of Victor Alvarenga through the use of a firearm, in violation of 18 U.S.C. § 924(j) (Count Fifteen)<br><br>• Conspiracy to murder in-aid-of racketeering – Members of 18th Street, in violation of 18 U.S.C. § 1959(a)(5) (Count Twenty-Seven)<br><br>• Money laundering conspiracy, in violation of 18 U.S.C. § 1956(h) (Count Thirty-Three)<br><br>• Conspiracy to murder in-aid-of racketeering – John Does 6 and 7, in violation of 18 U.S.C. § 1959(a)(5) (Count Thirty-Six)<br><br>• Attempted murder in-aid-of racketeering – John Doe 6, in violation of 18 U.S.C. § 1959(a)(5) (Count Thirty-Seven)<br><br>• Assault in-aid-of racketeering – John Doe 6, in violation of 18 U.S.C. § 1959(a)(3) (Count Thirty-Eight)<br><br>• Possessing, brandishing and discharging a firearm during crimes of violence – John Doe 6, in violation of 18 U.S.C. § 924(c)(1)(A)(iii) (Count Thirty-Nine) |
| Oscar Flores-Mejia | • Cyberstalking – Andy Peralta, in violation of 18 U.S.C. § 2261A (Count Six)<br><br>• Conspiracy to murder in-aid-of racketeering – Andy Peralta, in violation of 18 U.S.C. § 1959(a)(5) (Count Seven)<br><br>• Conspiracy to commit assault in-aid-of racketeering – Andy Peralta, in violation of 18 U.S.C. § 1959(a)(6) (Count Eight) |

| Defendant | Charges |
|---|---|
| | • Assault in-aid-of racketeering – Andy Peralta, in violation of 18 U.S.C. § 1959(a)(3) (Count Nine) <br><br> • Murder in-aid-of racketeering – Andy Peralta, in violation of 18 U.S.C. 1959(a)(1) (Count Ten) |
| Erick Galdamez Leon | • Racketeering conspiracy, in violation of 18 U.S.C. § 1962(d) (Count One) <br><br> • Possessing a firearm during a drug trafficking crime, in violation of 18 U.S.C. § 924(c)(1)(A)(i) (Count Two) <br><br> • Conspiracy to distribute and possess with intent to distribute cocaine and marijuana (FLS), in violation of 21 U.S.C. § 846 (Count Four) <br><br> • Money laundering conspiracy, in violation of 18 U.S.C. § 1956(h) (Count Thirty-Three) <br><br> • Conspiracy to murder in-aid-of racketeering – John Does 6 and 7, in violation of 18 U.S.C. § 1959(a)(5) (Count Thirty-Six) <br><br> • Attempted murder in-aid-of racketeering – John Doe 6, in violation of 18 U.S.C. § 1959(a)(5) (Count Thirty-Seven) <br><br> • Assault in-aid-of racketeering – John Doe 6, in violation of 18 U.S.C. § 1959(a)(3) (Count Thirty-Eight) <br><br> • Possessing, brandishing and discharging a firearm during crimes of violence – John Doe 6, in violation of 18 U.S.C. § 924(c)(1)(A)(iii) (Count Thirty-Nine) |
| Blanca Garcia | • Money laundering conspiracy, in violation of 18 U.S.C. § 1956(h) (Count Thirty-Three) |
| Jose Guevara Aguilar | • Racketeering conspiracy, in violation of 18 U.S.C. § 1962(d) (Count One) <br><br> • Possessing a firearm during a drug trafficking crime, in violation of 18 U.S.C. § 924(c)(1)(A)(i) (Count Two) <br><br> • Conspiracy to distribute and possess with intent to distribute cocaine and marijuana (FLS), in violation of 21 U.S.C. § 846 (Count Four) |

| Defendant | Charges |
|---|---|
| | • Conspiracy to murder in-aid-of racketeering – Members of 18th Street, in violation of 18 U.S.C. § 1959(a)(5) (Count Twenty-Seven) |
| Ramiro Gutierrez | • Racketeering conspiracy, in violation of 18 U.S.C. § 1962(d) (Count One)<br><br>• Possessing a firearm during a drug trafficking crime, in violation of 18 U.S.C. § 924(c)(1)(A)(i) (Count Two)<br><br>• Conspiracy to distribute and possess with intent to distribute marijuana (ILS), in violation of 21 U.S.C. § 846 (Count Five)<br><br>• Conspiracy to murder in-aid-of racketeering – Victor Alvarenga, in violation of 18 U.S.C. § 1959(a)(5) (Count Eleven)<br><br>• Assault in-aid-of racketeering – Victor Alvarenga, in violation of 18 U.S.C. § 1959(a)(3) (Count Twelve)<br><br>• Murder in-aid-of racketeering – Victor Alvarenga, in violation of 18 U.S.C. § 1959(a)(1) (Count Thirteen)<br><br>• Possessing, brandishing and discharging a firearm during crimes of violence – Victor Alvarenga, in violation of 18 U.S.C. § 924(c)(1)(A)(iii) (Count Fourteen)<br><br>• Causing the death of Victor Alvarenga through the use of a firearm, in violation of 18 U.S.C. § 924(j) (Count Fifteen)<br><br>• Conspiracy to murder in-aid-of racketeering – Abel Mosso, in violation of 18 U.S.C. § 1959(a)(5) (Count Seventeen)<br><br>• Assault in-aid-of racketeering – Abel Mosso, in violation of 18 U.S.C. § 1959(a)(3) (Count Eighteen)<br><br>• Murder in-aid-of racketeering – Abel Mosso, in violation of 18 U.S.C. § 1959(a)(1) (Count Nineteen)<br><br>• Possessing, brandishing and discharging a firearm during crimes of violence – Abel Mosso, in violation of 18 U.S.C. § 924(c)(1)(A)(iii) (Count Twenty)<br><br>• Causing the death of Abel Mosso through the use of a firearm, in violation of 18 U.S.C. § 924(j) (Count Twenty-One) |

| Defendant | Charges |
|---|---|
| Yonathan Hernandez | • Kidnapping conspiracy, in violation of 18 U.S.C. § 1201(c) (Count Forty-Four)<br><br>• Kidnapping, in violation of 18 U.S.C. § 1201(a)(1) (Count Forty-Five)<br><br>• Hobbs Act robbery conspiracy, in violation of 18 U.S.C. § 1951(a) (Count Forty-Six)<br><br>• Hobbs Act robbery, in violation of 18 U.S.C. § 1951(a) (Count Forty-Seven)<br><br>• Bank robbery, in violation of 18 U.S.C. § 2113(e) (Count Forty-Eight) |
| Oscar Hernandez Baires | • Racketeering conspiracy, in violation of 18 U.S.C. § 1962(d) (Count One)<br><br>• Possessing a firearm during a drug trafficking crime, in violation of 18 U.S.C. § 924(c)(1)(A)(i) (Count Two)<br><br>• Conspiracy to distribute and possess with intent to distribute cocaine and marijuana (FLS), in violation of 21 U.S.C. § 846 (Count Four)<br><br>• Conspiracy to murder in-aid-of racketeering – Members of 18th Street, in violation of 18 U.S.C. § 1959(a)(5) (Count Twenty-Seven)<br><br>• Conspiracy to murder in-aid-of racketeering – Eric Monge, in violation of 18 U.S.C. § 1959(a)(5) (Count Twenty-Eight)<br><br>• Assault in-aid-of racketeering – Eric Monge, in violation of 18 U.S.C. § 1959(a)(3) (Count Twenty-Nine)<br><br>• Murder in-aid-of racketeering – Eric Monge, in violation of 18 U.S.C. § 1959(a)(1) (Count Thirty)<br><br>• Possessing, brandishing and discharging a firearm during crimes of violence – Eric Monge, in violation of 18 U.S.C. § 924(c)(1)(A)(iii) (Count Thirty-One)<br><br>• Causing the death of Eric Monge through the use of a firearm, in violation of 18 U.S.C. § 924(j) (Count Thirty-Two) |

| Defendant | Charges |
|---|---|
| | • Money laundering conspiracy, in violation of 18 U.S.C. § 1956(h) (Count Thirty-Three) |
| Keila Hernandez May | • Money laundering conspiracy, in violation of 18 U.S.C. § 1956(h) (Count Thirty-Three) |
| Victor Lopez | • Racketeering conspiracy, in violation of 18 U.S.C. § 1962(d) (Count One)<br><br>• Possessing a firearm during a drug trafficking crime, in violation of 18 U.S.C. § 924(c)(1)(A)(i) (Count Two)<br><br>• Conspiracy to distribute and possess with intent to distribute marijuana (ILS), in violation of 21 U.S.C. § 846 (Count Five)<br><br>• Conspiracy to murder in-aid-of racketeering – Abel Mosso, in violation of 18 U.S.C. § 1959(a)(5) (Count Seventeen)<br><br>• Assault in-aid-of racketeering – Abel Mosso, in violation of 18 U.S.C. § 1959(a)(3) (Count Eighteen)<br><br>• Murder in-aid-of racketeering – Abel Mosso, in violation of 18 U.S.C. § 1959(a)(1) (Count Nineteen)<br><br>• Possessing, brandishing and discharging a firearm during crimes of violence – Abel Mosso, in violation of 18 U.S.C. § 924(c)(1)(A)(iii) (Count Twenty)<br><br>• Causing the death of Abel Mosso through the use of a firearm, in violation of 18 U.S.C. § 924(j) (Count Twenty-One) |
| Tito Martinez-Alvarenga | • Racketeering conspiracy, in violation of 18 U.S.C. § 1962(d) (Count One)<br><br>• Possessing a firearm during a drug trafficking crime, in violation of 18 U.S.C. § 924(c)(1)(A)(i) (Count Two)<br><br>• Conspiracy to distribute and possess with intent to distribute marijuana (ILS), in violation of 21 U.S.C. § 846 (Count Five)<br><br>• Conspiracy to murder in-aid-of racketeering – Victor Alvarenga, in violation of 18 U.S.C. § 1959(a)(5) (Count Eleven) |

| Defendant | Charges |
|-----------|---------|
| | • Assault in-aid-of racketeering – Victor Alvarenga, in violation of 18 U.S.C. § 1959(a)(3) (Count Twelve) |
| | • Murder in-aid-of racketeering – Victor Alvarenga, in violation of 18 U.S.C. § 1959(a)(1) (Count Thirteen) |
| | • Possessing, brandishing and discharging a firearm during crimes of violence – Victor Alvarenga, in violation of 18 U.S.C. § 924(c)(1)(A)(iii) (Count Fourteen) |
| | • Causing the death of Victor Alvarenga through the use of a firearm, in violation of 18 U.S.C. § 924(j) (Count Fifteen) |
| | • Conspiracy to murder in-aid-of racketeering – Abel Mosso, in violation of 18 U.S.C. § 1959(a)(5) (Count Seventeen) |
| | • Assault in-aid-of racketeering – Abel Mosso, in violation of 18 U.S.C. § 1959(a)(3) (Count Eighteen) |
| | • Murder in-aid-of racketeering – Abel Mosso, in violation of 18 U.S.C. § 1959(a)(1) (Count Nineteen) |
| | • Possessing, brandishing and discharging a firearm during crimes of violence – Abel Mosso, in violation of 18 U.S.C. § 924(c)(1)(A)(iii) (Count Twenty) |
| | • Causing the death of Abel Mosso through the use of a firearm, in violation of 18 U.S.C. § 924(j) (Count Twenty-One) |
| Emerson Martinez-Lara | • Racketeering conspiracy, in violation of 18 U.S.C. § 1962(d) (Count One) |
| | • Possessing a firearm during a drug trafficking crime, in violation of 18 U.S.C. § 924(c)(1)(A)(i) (Count Two) |
| | • Conspiracy to distribute and possess with intent to distribute marijuana (ILS), in violation of 21 U.S.C. § 846 (Count Five) |
| | • Conspiracy to murder in-aid-of racketeering – John Doe 1, in violation of 18 U.S.C. § 1959(a)(5) (Count Sixteen) |
| | • Conspiracy to murder in-aid-of racketeering – Abel Mosso, in violation of 18 U.S.C. § 1959(a)(5) (Count Seventeen) |

| Defendant | Charges |
|---|---|
| | • Assault in-aid-of racketeering – Abel Mosso, in violation of 18 U.S.C. § 1959(a)(3) (Count Eighteen) <br><br> • Possessing, brandishing and discharging a firearm during crimes of violence – Abel Mosso, in violation of 18 U.S.C. § 924(c)(1)(A)(iii) (Count Twenty) <br><br> • Causing the death of Abel Mosso through the use of a firearm, in violation of 18 U.S.C. § 924(j) (Count Twenty-One) <br><br> • Conspiracy to murder in-aid-of racketeering – John Doe 2, in violation of 18 U.S.C. § 1959(a)(5) (Count Twenty-Two) |
| Jose Mejia Hernandez | • Racketeering conspiracy, in violation of 18 U.S.C. § 1962(d) (Count One) <br><br> • Possessing a firearm during a drug trafficking crime, in violation of 18 U.S.C. § 924(c)(1)(A)(i) (Count Two) <br><br> • Conspiracy to distribute and possess with intent to distribute cocaine and marijuana (FLS), in violation of 21 U.S.C. § 846 (Count Four) <br><br> • Money laundering conspiracy, in violation of 18 U.S.C. § 1956(h) (Count Thirty-Three) <br><br> • Conspiracy to murder in-aid-of racketeering – John Does 6 and 7, in violation of 18 U.S.C. § 1959(a)(5) (Count Thirty-Six) <br><br> • Attempted murder in-aid-of racketeering – John Doe 6, in violation of 18 U.S.C. § 1959(a)(5) (Count Thirty-Seven) <br><br> • Assault in-aid-of racketeering – John Doe 6, in violation of 18 U.S.C. § 1959(a)(3) (Count Thirty-Eight) <br><br> • Possessing, brandishing and discharging a firearm during crimes of violence – John Doe 6, in violation of 18 U.S.C. § 924(c)(1)(A)(iii) (Count Thirty-Nine) |
| Tylor Salmeron | • Racketeering conspiracy, in violation of 18 U.S.C. § 1962(d) (Count One) <br><br> • Possessing a firearm during a drug trafficking crime, in violation of 18 U.S.C. § 924(c)(1)(A)(i) (Count Two) |

| Defendant | Charges |
|---|---|
| | • Conspiracy to distribute and possess with intent to distribute cocaine and marijuana (FLS), in violation of 21 U.S.C. § 846 (Count Four) |
| | • Conspiracy to murder in-aid-of racketeering – John Doe 8, in violation of 18 U.S.C. § 1959(a)(5) (Count Forty) |
| | • Attempted murder in-aid-of racketeering – John Doe 8, in violation of 18 U.S.C. § 1959(a)(5) (Count Forty-One) |
| | • Assault in-aid-of racketeering – John Doe 8, in violation of 18 U.S.C. § 1959(a)(3) (Count Forty-Two) |
| | • Possessing, brandishing and discharging a firearm during crimes of violence – John Doe 8, in violation of 18 U.S.C. § 924(c)(1)(A)(iii) (Count Forty-Three) |
| | • Kidnapping conspiracy, in violation of 18 U.S.C. § 1201(c) (Count Forty-Four) |
| | • Kidnapping, in violation of 18 U.S.C. § 1201(a)(1) (Count Forty-Five) |
| | • Hobbs Act robbery conspiracy, in violation of 18 U.S.C. § 1951(a) (Count Forty-Six) |
| | • Hobbs Act robbery, in violation of 18 U.S.C. § 1951(a) (Count Forty-Seven) |
| | • Bank robbery, in violation of 18 U.S.C. § 2113(e) (Count Forty-Eight) |
| Ismael Santos-Novoa | • Racketeering conspiracy, in violation of 18 U.S.C. § 1962(d) (Count One) |
| | • Possessing a firearm during a drug trafficking crime, in violation of 18 U.S.C. § 924(c)(1)(A)(i) (Count Two) |
| | • Conspiracy to distribute and possess with intent to distribute marijuana (ILS), in violation of 21 U.S.C. § 846 (Count Five) |
| | • Conspiracy to murder in-aid-of racketeering – John Doe 1, in violation of 18 U.S.C. § 1959(a)(5) (Count Sixteen) |

| Defendant | Charges |
|---|---|
| | • Conspiracy to murder in-aid-of racketeering – Abel Mosso, in violation of 18 U.S.C. § 1959(a)(5) (Count Seventeen) |
| | • Assault in-aid-of racketeering – Abel Mosso, in violation of 18 U.S.C. § 1959(a)(3) (Count Eighteen) |
| | • Possessing, brandishing and discharging a firearm during crimes of violence – Abel Mosso, in violation of 18 U.S.C. § 924(c)(1)(A)(iii) (Count Twenty) |
| | • Causing the death of Abel Mosso through the use of a firearm, in violation of 18 U.S.C. § 924(j) (Count Twenty-One) |
| | • Conspiracy to murder in-aid-of racketeering – John Doe 2, in violation of 18 U.S.C. § 1959(a)(5) (Count Twenty-Two) |
| | • Conspiracy to murder in-aid-of racketeering – Members of 18th Street, in violation of 18 U.S.C. § 1959(a)(5) (Count Twenty-Three) |
| | • Attempted murder in-aid-of racketeering – John Doe 3, in violation of 18 U.S.C. § 1959(a)(5) (Count Twenty-Four) |
| | • Assault in-aid-of racketeering – John Doe 4, in violation of 18 U.S.C. § 1959(a)(3) (Count Twenty-Five) |
| | • Possessing, brandishing and discharging a firearm during crimes of violence – John Does 3 and 4, in violation of 18 U.S.C. § 924(c)(1)(A)(iii) (Count Twenty-Six) |
| Erick Zavala Hernandez | • Racketeering conspiracy, in violation of 18 U.S.C. § 1962(d) (Count One) |
| | • Possessing a firearm during a drug trafficking crime, in violation of 18 U.S.C. § 924(c)(1)(A)(i) (Count Two) |
| | • Conspiracy to distribute and possess with intent to distribute cocaine and marijuana (FLS), in violation of 21 U.S.C. § 846 (Count Four) |
| | • Conspiracy to murder in-aid-of racketeering – Members of 18th Street, in violation of 18 U.S.C. § 1959(a)(5) (Count Twenty-Seven) |

| Defendant | Charges |
|---|---|
|  | • Money laundering conspiracy, in violation of 18 U.S.C. § 1956(h) (Count Thirty-Three) |

    C.    <u>The Newly-Added Defendants' Criminal Histories and Immigration Statuses</u>

    1.    <u>Edenilson Velasquez Larin</u>

Velasquez Larin was born in El Salvador and has no legal status in the United States. Following a traffic stop in Ohio on June 7, 2023, Velasquez Larin was placed in immigration detention in Ohio. He has no criminal history.

    2.    <u>Christian Alas Leon</u>

Alas Leon was born in El Salvador and has no legal status in the United States. Removal proceedings against Alas Leon are pending. He has no criminal history.

    3.    <u>Carlos Alvarado</u>

Alvarado's citizenship is unknown. He has no criminal history.

    4.    <u>Jose Arevalo Iraheta</u>

Arevalo Iraheta was born in El Salvador and has no legal status in the United States, and he was previously removed from the United States. He has no criminal history.

    5.    <u>Leyla Carranza</u>

Carranza was born in El Salvador and has no legal status in the United States. Removal proceedings against Carranza are pending. She has no criminal history.

    6.    <u>Jose Espinoza Sanchez</u>

Espinoza Sanchez was born in Honduras, entered the United States without inspection, and has no legal status in the United States. He has no criminal history; however, he was arrested in March 2021 in Nassau County on drug-related charges and has since failed to appear in that case, and there is an open bench warrant for his arrest.

    7.    <u>Erick Galdamez Leon</u>

Galdamez Leon was born in El Salvador and has no legal status in the United States. A final order of removal has been entered against him. He has no criminal history.

    8.    <u>Blanca Garcia</u>

Garcia is a citizen of the United States. She has no criminal history.

9. Jose Guevara Aguilar

Guevara Aguilar was born in El Salvador and has no legal status in the United States. A final order of removal has been entered against him. He has no criminal history.

10. Oscar Hernandez Baires

Hernandez Baires was born in El Salvador and has no legal status in the United States. Removal proceedings against Hernandez Baires are pending. He has no criminal history.

11. Keila Hernandez May

Hernandez May was born in Mexico and has no legal status in the United States. She has no criminal history.

12. Jose Mejia Hernandez

Mejia Hernandez was born in El Salvador and has no legal status in the United States. Removal proceedings against Mejia Hernandez are pending. He has no criminal history.

13. Erick Zavala Hernandez

Zavala Hernandez is a lawful permanent resident. He has no criminal history.

II. Legal Standard

In deciding whether to release or detain a defendant, a court "must undertake a two-step inquiry." United States v. Friedman, 837 F.2d 48, 49 (2d Cir. 1988). "It must first determine by a preponderance of the evidence that the defendant either has been charged with one of the crimes enumerated in Section 3142(f)(1) or that the defendant presents a risk of flight or obstruction of justice." Id. "Once this determination has been made, the court turns to whether any condition or combinations of conditions of release will protect the safety of the community and reasonably assure the defendant's appearance at trial." Id.

If the court finds that "no condition or combination of conditions will reasonably assure the appearance of the person as required and the safety of any other person and the community," the court "shall order" a defendant detained. 18 U.S.C. § 3142(e)(1). The government bears the burden of persuading the court by a preponderance of the evidence that the defendant is a flight risk or by clear and convincing evidence that the defendant is a danger to the community. United States v. Mercedes, 254 F.3d 433, 436 (2d Cir. 2001).

Where, as here, there is probable cause to believe that a defendant has violated 18 U.S.C. § 924(c) or committed a drug trafficking offense punishable by ten years or more, there is a statutory presumption that "no condition or combination of conditions will reasonably assure the appearance of the person as required and the safety of the community." 18 U.S.C. § 3142(e)(3). If a presumption of detention applies, the defendant bears the burden of rebutting that presumption by coming forward with evidence "that contradicts notions of flight risk or dangerousness." Mercedes, 254 F.3d at 436. A bail package sufficient to overcome a

presumption of flight may not be enough to overcome a presumption of dangerousness. <u>United States v. Rodriguez</u>, 950 F.2d 85, 89 (2d Cir. 1991). Even if a defendant can overcome that presumption, the special risk of dangerousness posed by defendants who have committed such crimes "remains a factor to be considered among those weighed by the district court." <u>Mercedes</u>, 254 F.3d at 436.

Whether detention is sought on the basis of flight or dangerousness, the Bail Reform Act lists four factors to be considered in the detention analysis: (1) the nature and circumstances of the crimes charged, "including whether the offense is a crime of violence . . . or involves a . . . firearm"; (2) the weight of the evidence against the defendant; (3) the history and characteristics of the defendant, including "whether, at the time of the current offense or arrest, the person was on probation [or] on parole"; and (4) the seriousness of the danger posed by the defendant's release. <u>See</u> 18 U.S.C. § 3142(g). Specifically, in evaluating dangerousness, courts consider not only the effect of a defendant's release on the safety of identifiable individuals, such as victims and witnesses, but also "'the danger that the defendant might engage in criminal activity to the detriment of the community.'" <u>United States v. Millan</u>, 4 F.3d 1038, 1048 (2d Cir. 1993) (quoting legislative history).

III.    <u>Argument</u>

A.    <u>All Defendants Are Eligible for Detention Under Section 3142(f)</u>

All defendants except Garcia and Hernandez May have been charged with crimes of violence, offenses for which the maximum sentence if life imprisonment or death, drug offenses for which a maximum term of imprisonment is ten years or more, and/or offenses involving the possession or use of a firearm or any other dangerous weapon. <u>See</u> 18 U.S.C. § 3142(f)(1). Moreover, as discussed above and below, given their strong ties to FLS leaders and their respective roles in laundering thousands of dollars for MS-13, the Court should find by a preponderance of the evidence that Garcia and Hernandez May pose a serious risk of flight. <u>See</u> 18 U.S.C. § 3142(f)(2)(A).

B.    <u>Detention is Warranted as to All Defendants Except Garcia</u>

With the exception of Garcia, no bail package will protect the community from the danger posed by the defendants or will mitigate the risk of their flight. Each of the factors set forth in 18 U.S.C. § 3142(g) weigh heavily in favor of the pre-trial detention of all defendants except Garcia, who should be released only with a substantial bail package to ensure her appearance in court.

First, the nature and circumstances of the offenses could not be more serious. Many of the indicted offenses are crimes of violence, including murders, attempted murders, and assaults. Of the newly-added defendants, defendants Velasquez Larin, Carranza, Espinoza Sanchez, and Hernandez Baires are all charged with one count of murder in-aid-of racketeering, among other serious crimes of violence. Defendants Alas Leon, Alvarado, Galdamez Leon, and Mejia Hernandez are each charged with at least one count of attempted murder in-aid-of racketeering, among other serious crimes of violence. And defendants Arevalo Iraheta, Guevara Aguilar, Zavala Hernandez are all charged with at least one count of conspiracy to commit

murder in-aid-of racketeering, among other crimes. Finally, defendants Garcia and Hernandez May participated in laundering tens of thousands of dollars in drug proceeds for the FLS clique, which permitted the clique to continue its business of wreaking havoc in our communities.

Moreover, the charged offenses carry significant penalties that give the defendants a strong incentive to flee. Specifically, defendants Velasquez Larin, Espinoza Sanchez and Hernandez Baires each face a mandatory sentence of life imprisonment or the death penalty. The remaining newly-added defendants, except for Carranza, Garcia and Hernandez May, each face a mandatory minimum sentence of at least fifteen years' imprisonment (ten years' imprisonment on Count Four, and a mandatory consecutive sentence of five years' imprisonment on Count Two) and a maximum sentence of life imprisonment. In addition, many of these defendants face additional firearms possession counts that increase the applicable mandatory minimum sentence. These penalties give the defendants an overwhelming incentive to flee and to obstruct justice. See, e.g., United States v. Williams, No. 20-CR-293 (WFK), 2020 WL 4719982, at *2 (E.D.N.Y. Aug. 13, 2020) (holding that an estimated Guidelines range of "92 to 115 months' imprisonment" gave defendant "a strong incentive to flee"); United States v. Dodge, 846 F. Supp. 181, 184-85 (D. Conn. 1994) (holding that the possibility of a "severe sentence" heightens the risk of flight).[12] Because she participated in a premeditated murder, Carranza faces an advisory United States Sentencing Guidelines range of life imprisonment.[13] See U.S.S.G. § 2A1.1. As for Garcia and Hernandez May, the government estimates that the applicable United States Sentencing Guidelines range of imprisonment would be 41-51 months following a conviction after trial.[14]

The seriousness of the danger posed by the defendants' release should not be underestimated in light of their membership in and association with MS-13, an extraordinarily violent criminal enterprise, and their involvement in acts of violence, including murder, against those perceived as enemies. There is a substantial risk that, if allowed to remain at liberty, the defendants would attempt to intimidate, harm or murder those believed to be witnesses in the government's case. See 18 U.S.C. § 3142(f)(2); United States v. Madoff, 586 F. Supp. 2d 240,

---

[12] See also, e.g., United States v. Scali, 738 F. App'x 32, 33 (2d Cir. 2018) ("The court reasonably determined that [defendant's] Guidelines range of 87-108 months' imprisonment was significant enough to provide an incentive to flee"); United States v. Blanco, 570 F. App'x 76, 77 (2d Cir. 2014) (affirming district court's order of detention because, inter alia, defendant "face[d] a mandatory minimum prison sentence of five years, a possible maximum sentence of 40 years").

[13] Because Carranza was a minor at the time of the murder, she does not face a mandatory sentence of life imprisonment or the death penalty.

[14] The government's estimate is based upon a base offense level of 8, plus 6 levels for laundered funds exceeding $40,000, plus 6 levels because the defendants knew that at least some of the laundered funds were the proceeds of drug distribution, plus 2 levels for a conviction under 18 U.S.C. § 1956.

247 (S.D.N.Y. 2009) (preponderance of the evidence standard applies to determination of both risk of flight and risk of obstruction of justice).

Second, as described above, the weight of the evidence against each defendant is extremely strong. That evidence includes, among other things, cooperating witness and eyewitness testimony, telephone records and cellphone location information, audio recordings, video surveillance camera footage, and financial records.

Third, the defendants' history and characteristics weigh heavily in favor of detention. The defendants are all members or associates of a violent transnational gang with a strong presence both in the United States and abroad, including El Salvador. See, e.g., Williams, 2020 WL 4719982, at *3 (holding that defendant's gang membership weighed against pretrial release). Moreover, defendants Velasquez Larin, Alas Leon, Arevalo Iraheta, Carranza, Espinoza Sanchez, Galdamez Leon, Guevara Aguilar, Hernandez Baires, Hernandez May, and Mejia Hernandez have no legal status in the United States and are in various stages of removal proceedings. As non-citizens with no legal status in this county, these defendants have an additional incentive to flee. See, e.g., United States v. Santos, No. 19-CR-819 (VM), 2020 WL 3446866, at *3 (S.D.N.Y. June 24, 2020) (holding that non-citizen with outstanding warrant for removal posed a flight risk).

Fourth, the risk of further violence and flight by the defendants is severe. Courts have consistently held that where a defendant is associated with a violent criminal organization, no conditions — even stringent conditions of home confinement — are sufficient to protect the community. See United States v. Destine, No. 20-CR-293 (WFK), 2022 WL 2181453, at *4 (E.D.N.Y. June 16, 2022) ("Courts have consistently held no conditions are sufficient to protect the community in the face of membership in a violent criminal organization."); United States v. Irizzary, No. 17-CR-283 (LAP), 2020 WL 1705424, at *3 (S.D.N.Y. Apr. 8, 2020) ("Even under normal conditions, electronic monitoring does not suffice to restrain violent criminals who, like [the defendant], are members of organized gangs.").[15]

In sum, the defendants before this Court today cannot be released without risking the safety of the community and the likelihood that he will not return to court as required. All defendants in this case except Garcia should, therefore, be detained.

IV.    Conclusion

For the reasons set forth above, the government respectfully submits that no condition or combination of conditions will properly assure the safety of the community or the

---

[15]    See also United States v. Orena, 986 F.2d 628, 632 (2d Cir. 1993) ("electronic surveillance systems can be circumvented by the wonders of science and of sophisticated electronic technology"); accord United States v. Brennerman, 705 F. App'x 13, 16 (2d Cir. 2017); United States v. Dono, 275 F. App'x 35, 37 (2d Cir. 2008); United States v. Kelly, No. 19-CR-286 (AMD), 2020 WL 2528922, at *3 (E.D.N.Y. May 15, 2020) ("Nor are the defendant's proposed measures — that he be kept on home confinement and monitored by pretrial services — sufficient to eliminate the danger to the community.").

defendants' return to court if they were released on bail, and therefore requests permanent orders of detention as to all defendants scheduled to appear before this Court later today.

Respectfully submitted,

BREON PEACE
United States Attorney

By: _____/s/_____
Jonathan Siegel
Michael W. Gibaldi
Anna Karamigios
Assistant U.S. Attorneys
(718) 254-7000

cc:    Clerk of the Court (LDH) (by ECF)
       Counsel of Record (by ECF and E-Mail)
       United States Pretrial Services (by E-Mail)